UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

WINDY LUCIUS,

     Plaintiff,

v.

DOLPHIN HOTEL ASSOCIATES
d/b/a Shula's Steakhouse, and
SHULA'S STEAK HOUSES, LLLP

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius ("Plaintiff") hereby sues Defendant Dolphin Hotel Associates doing business as Shula's Steakhouse and Defendant Shula's Steak Houses, LLLP, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1.     Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of

Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and 28 U.S.C. §§ 2201 & 2202.

3.      Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. She brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.      Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights. As such, she

monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.     Defendant Dolphin Hotel Associates (also referenced as "Defendant Dolphin Associates" or collectively with Defendant Shula's Steak Houses, LLLP as "Defendants") is a general partnership which is authorized to transact business in Florida and which (on information and belief) is the owner/operator of a Shula's Steakhouse (brand) upscale steakhouse restaurant which is located within this district and is open to the public. Defendant Dolphin Associates is defined as a "Public Accommodation" within meaning of Title III because Defendant Dolphin Associates is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

7.     Defendant Dolphin Associates' Shula's Steakhouse restaurant (which is the subject of this action) is located on the Disney properties at 1500 Epcot Resorts Boulevard, Lake Buena Vista, Florida 32830 and because it is open to the public it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant Dolphin Associates' Shula's Steakhouse restaurant is referenced herein as "Shula's Steakhouse Lake Buena Vista (restaurant)" or "Shula's Lake Buena Vista."

3

8.     Defendant Shula's Steak Houses, LLLP is a Delaware limited partnership which is authorized to transact business within the state of Florida. Defendant Shula's Steak Houses, LLLP is also referenced as "Defendant Shula's Management" or collectively with Defendant Dolphin Associates as "Defendants." Defendant Shula's Management is the owner/operator[1] of the Shula's Steakhouse https://shulassteakhouse.com mobile website.

9.     Subsequent to the effective date of the ADA, Defendant Shula's Management constructed, or caused to be constructed, the https://shulassteakhouse.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to all Shula's Steakhouse restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of  the Shula's Steakhouse brand restaurants, which are located in Chicago Illinois, Houston Texas, Richmond Virginia, as well as in Gainesville, Naples, and Orlando Florida.

10.     All of the Shula's Steakhouse restaurants which are showcased on the https://shulassteakhouse.com mobile website are open to the public, therefore they are all Places of Public Accommodation subject to the requirements of Title III of

---

[1] See the privacy section of the mobile website

the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). The Shula's Steakhouse restaurants are referenced throughout as "place(s) of public accommodation," "Shula's Steakhouse restaurants," or "restaurant(s)."

11.    The three Shula's Steakhouse restaurants delineated with the mobile website which are operating within this district[2] are as follows:

- • "Shula's Steakhouse" located in Lake Buena Vista at 1500 Epcot Resorts Boulevard, Lake Buena Vista, Florida 32830 (owned/operated by Defendant Dolphin Hotel Associates);

- •  "Shula's Steakhouse" located in Gainesville at 1714 SW 34th Street, Gainesville, Florida 32607 (owned/operated by Hilton University of Florida Conference Center, Gainesville);

- •  "Shula's Steakhouse" in Naples located at 5111 Tamiami Trail North, Naples, Florida 34103 (owned/operated by Naples Hospitality, limited partnership).

12.    The mobile website is offered by Defendants as a way for the public to become familiar with Shula's Steakhouse restaurant menu selections, as well as information on hours of operation, restaurant locations (and specifically the Shula's Lake Buena Vista restaurant), provides a link to reserve a table for dining within

---

[2] Osceola and Orange counties

Shula's Steakhouse restaurants (specifically the Shula's Lake Buena Vista restaurant), permits the public to contact each of the restaurants via an email link, and provides other information Defendants seek to communicate to the public. The mobile website also enables the public/patrons to purchase and ship Shula's signature steaks to their homes and the ability for the public to purchase gift cards for exclusive use in Shula's Steakhouse restaurants. The mobile website also offers the public the ability to inquire about reserving space within Shula's Steakhouse restaurant locations for private dining events. By the provision of menu selection, reservation services, the ability to purchase Shula's Steakhouse brand steaks and gift cards online, the mobile website is an integral part of the goods and services offered at Shula's Steakhouse restaurant locations, and specifically the Shula's Lake Buena Vista restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[3], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

13.    As the owner of the https://shulassteakhouse.com mobile website,

---

[3] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

Defendant Shula's Management is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

14.     The https://shulassteakhouse.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.   Defendants have subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from each of the Shula's Steakhouse restaurant locations and specifically Defendant Dolphin Associates' Shula's Lake Buena Vista restaurant location. As a result, the mobile website must interact with Shula's Steakhouse restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[4]

15.     The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

16.     Like the seeing community, Plaintiff would like the opportunity to be able to use the mobile website to comprehend Shula's Steakhouse restaurant menu selections and to test for the ability to make reservations, inquire about reserving space for private dining events, and to purchase Shula's brand steaks and gift cards online. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

17.     Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

18.     Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to its mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

19.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practices.

20.     Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

21.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22.     The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

23.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

24.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In

order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

25.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis  of disability by  public  accommodations and  requires  places  of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

26.     The https://shulassteakhouse.com mobile website has been designed to integrate with  Shula's Steakhouse restaurants through the provision of a reservation service, the ability to inquire about private dining events, and the provision of a store from which to purchase Shula's signature steaks and Shula's gift cards online for delivery to one's home; therefore, the mobile website is an extension of each Shula's Steakhouse restaurant (and specifically the Shula's Lake Buena Vista restaurant). By and through the mobile website, Defendants extend Shula's Steakhouse restaurants into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Shula's Steakhouse restaurants. As such, the mobile website is integrated with, and is a nexus to, each Shula's Steakhouse brick-and-mortar restaurant location, and specifically the Shula's Lake Buena Vista restaurant.

Therefore, it is governed by the following provisions:

a.      U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.      42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

d.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a

disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

e.   42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

f.   42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

g.   42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

h.     42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

27.     Plaintiff attempted to access and test the mobile website, but was unable to do so. Plaintiff continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.    Guideline 1.1.1 Non-Text Content is violated.  Multiple unlabeled images are present. For example, the image at the top of the *menu* page is announced as "IMG 2357 334 x 222 dot png."

ii.   Guideline 1.3.1 Info and Relationships is violated.  Each of the four *menu* buttons are shown in a collapsed state, but they are labeled with the incorrect role and state. Mobile VoiceOver screen reader software users must double tap each *menu* in order to expand the section and access the menu contents, but each section is announced as only plan text. For example, the *dinner menu* button is announced as "Dinner heading level 3." This announcement tells Mobile VoiceOver screen reader software users that they are on plain text that is not interactive, so they do not know how to access the menus. The chevron

icons are displayed as a visual indicator that each section can be expanded, but these icons do not receive focus and they are not announced.

iii.    Guideline 2.4.3 Focus order is violated. The mobile website is required to provide focus in a logical order, and this has been violated. For example, the *Group Dining* inquiry popup is not announced and focus does not move to the popup when it is displayed. A mobile VoiceOver screen reader software user must continue to swipe several times after the popup is shown, but the mobile VoiceOver screen reader software user will only hear content on the underlying page, as the content in the popup is not announced.

iv.    Guideline 3.3.2 Labels or Instructions is violated. Elements must be labeled and given instructions, and the mobile website fails to do so.  All elements must be built for accessibility and this is not the case. While the chevrons in the *reservation* form each receive focus, they do not have meaningful labels, each chevron is announced as only "m."

v.    Guideline 4.1.2 Name, Role, Value is violated. Mobile VoiceOver screen reader software users cannot access the *date picker* because focus exits the *date* popup after the month name is announced and focus returns to the underlying page. Instead of hearing the available date, Mobile VoiceOver screen reader software users hear (for example) "7:00pm."

vi.    Guideline 4.1.3 Status Messages is violated. If a status message is presented and focus is not set to that message then the message must be announced, and this is not the case.  For example, after a mobile VoiceOver screen reader software user successfully adds a gift card to their cart, a confirmation message is displayed and the *cart* icon updates visually to show that the item was added to the cart, but neither is announced. Instead, focus moves to the top of the page and the mobile VoiceOver screen reader software user hears the *skip navigation* button again.

28.    As the owner, operator, and/or beneficiary of the mobile website which exclusively serves as a gateway to Shula's Steakhouse restaurants, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to

and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within Shula's Steakhouse restaurant locations (and specifically the Lake Buena Vista location) and to purchase Shula's signature steaks and gift cards online and have those purchases delivered to their homes.

29.     In this instant case, the https://shulassteakhouse.com mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to the third party vendor's reservation platform does not absolve Defendants of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants

themselves).  Compliance with the ADA is a nondelegable duty.

30.     With respect to its mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 26) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in denying Plaintiff accommodation on the basis of her disability:

a.     by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b.     in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c.     in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d.     by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation,

or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

   e. by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

   f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

   g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

   h. by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or

accommodation being offered or would result in an undue burden) (42 U.S.C. §12182(b)(2)(iii)).

31.     Plaintiff is continuously aware of the violations within the https://shulassteakhouse.com mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

32.     Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because she is disabled.  As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://shulassteakhouse.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By

maintaining a mobile website with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

33.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

34.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the https://shulassteakhouse.com mobile website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants when she visits the mobile website to test for compliance with the ADA. Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

35.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief as requested herein.

36.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to

grant Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://shulassteakhouse.com mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Dolphin Hotel Associates and Defendant Shula's Steak Houses, LLLP and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the https://shulassteakhouse.com mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.;

b. The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain the mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendant to alter the mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendants provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the https://shulassteakhouse.com mobile website in order to comprehend Shula's Steakhouse restaurant

menu selections, ordering/paying for Shula's gift cards and signature steaks (for delivery to one's home), for making reservations to dine within Shula's Steakhouse restaurants (specifically the Shula's Lake Buena Vista restaurant), and for inquiring and booking private dining events, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e. The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper,

and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 5, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*

J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*